# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VIKING TECHNOLOGIES, LLC,

       Plaintiff,

   v.

ENCORE REPAIR SERVICES, LLC
and ENCORE REPAIR HOLDINGS,
LLC,

       Defendants.

C.A. No. 20-1510-CFC

JURY TRIAL DEMANDED

## DEFENDANTS' ANSWER AND COUNTERCLAIMS
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Encore Repair Services, LLC and Encore Repair Holdings, LLC
(collectively, "Encore" or "Defendants") hereby submit this Answer to the First
Amended Complaint for Patent Infringement (D.I. 14, the "Complaint") of Viking
Technologies, LLC ("Viking").

Each of the paragraphs below corresponds to the same-numbered paragraphs
in the Complaint. Encore denies all allegations in the Complaint, whether express or
implied, that are not specifically admitted below. Any factual allegation below is
admitted only as to the specific admitted facts, not as to any purported conclusions,
characterizations, implications or speculations that arguably follow from the

admitted facts. Encore denies that Viking is entitled to the relief requested or any other relief. Encore responds to the Complaint as follows:

## NATURE OF THE ACTION

1.    Defendants admit that the Complaint purports to set forth a claim for patent infringement under 35 U.S.C. §§ 1 *et seq*. and seeks damages and other relief under 35 U.S.C. § 281. Allegations in paragraph 1 of the Complaint include legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 1 of the Complaint.

## PARTIES

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore Defendants deny these allegations.

3.    Defendants admit that Encore Repair Services, LLC is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 105 Prairie Lake Road, Suite D, East Dundee, Illinois 60118. Defendants admit that Encore Repair Services, LLC's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. To the extent that paragraph 3 of the Complaint may be construed as containing additional or different allegations, Defendants deny such allegations.

4.     Defendants admit that Encore Repair Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 105 Prairie Lake Road, Suite D, East Dundee, Illinois 60118. Defendants admit that Encore Repair Services, LLC's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. To the extent that paragraph 4 of the Complaint may be construed as containing additional or different allegations, Defendants deny such allegations.

## JURISDICTION AND VENUE

5.     Defendants admit that the Complaint purports to set forth a claim for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code. To the extent that paragraph 5 of the Complaint may be construed as containing additional or different allegations, Defendants deny such allegations.

6.     Defendants admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but deny any such patent infringement as alleged by Plaintiff. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 6 of the Complaint.

7.     For purposes of this action only, Defendants do not contest personal jurisdiction. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 7 of the Complaint.

8.     For purposes of this action only, Defendants do not contest venue. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

## BACKGROUND

9.     Defendants admit that the transparent cover on a smart phone or tablet is vulnerable to damage on certain devices, that the underlying display of a smart phone or tablet costs more than most other components on certain phones or tablets, and that one way to repair a display assembly with a broken front glass cover is to replace the entire display assembly. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 9 of the Complaint, and therefore Defendants deny these allegations.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 10 of the Complaint, and therefore Defendants deny these allegations.

11.	Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 11 of the Complaint, and therefore Defendants deny these allegations.

12.	Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 12 of the Complaint, and therefore Defendants deny these allegations.

13.	Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 13 of the Complaint, and therefore Defendants deny these allegations.

14.	Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 14 of the Complaint, and therefore Defendants deny these allegations.

## PATENTS-IN-SUIT

### Background

15.	Defendants admit that a copy of what Plaintiff alleges to be United States Patent No. 8,888,953 (the "'953 Patent") was attached to the Complaint as Exhibit 1. The '953 Patent referenced in paragraph 15 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants deny that the '953 Patent was issued on November 8, 2014. The '953 Patent indicates on its face that it was issued on

November 18, 2014. Defendants further deny that the '953 Patent was duly and legally issued. Allegations in paragraph 15 of the Complaint include legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny those allegations contained in paragraph 15 of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 16 of the Complaint, and therefore Defendants deny these allegations.

17.     Defendants admit that a copy of what Plaintiff alleges to be United States Patent No. 10,220,537 (the "'537 Patent") was attached to the Complaint as Exhibit 2. The '537 Patent referenced in paragraph 17 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny that the '537 Patent was duly and legally issued. Allegations in paragraph 17 of the Complaint include legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny those allegations contained in paragraph 17 of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 18 of the Complaint, and therefore Defendants deny these allegations.

19.     The patents referenced in paragraph 19 of the Complaint speak for themselves, and to the extent the allegations in this paragraph vary therewith,

Defendants deny those allegations. Defendants further deny that the patents referenced in paragraph 19 were duly and legally issued. Allegations in paragraph 19 of the Complaint include legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny those allegations contained in paragraph 19 of the Complaint.

20. The patents referenced in paragraph 20 of the Complaint speak for themselves, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny that the patents referenced in paragraph 20 were duly and legally issued. Allegations in paragraph 20 of the Complaint include legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny those allegations contained in paragraph 20 of the Complaint.

21. Denied.

22. The '953 Patent referenced in paragraph 22 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations.

23. The '953 Patent referenced in paragraph 23 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations.

24.     The '537 Patent referenced in paragraph 24 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations.

25.     The '537 Patent referenced in paragraph 25 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations.

**COUNT I**
**(INFRINGEMENT OF THE '953 PATENT)**

26.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 25 as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

30.     The '953 Patent referenced in paragraph 30 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 30 of the Complaint.

31.     The '953 Patent referenced in paragraph 31 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 31 of the Complaint.

32.     The '953 Patent referenced in paragraph 32 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 32 of the Complaint.

33.     The '953 Patent referenced in paragraph 33 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 33 of the Complaint.

34.     The '953 Patent referenced in paragraph 34 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 34 of the Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 35 of the Complaint, and therefore Defendants deny these allegations.

36.     Denied.

## COUNT II
## (INFRINGEMENT OF THE '537 PATENT)

37.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 36 as if fully set forth herein.

38.     Denied.

39.     Denied.

40.     Denied.

41.     The '537 Patent referenced in paragraph 41 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 41 of the Complaint.

42.     The '537 Patent referenced in paragraph 42 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 42 of the Complaint.

43.     The '537 Patent referenced in paragraph 43 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 43 of the Complaint.

44.     The '537 Patent referenced in paragraph 44 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants deny those allegations. Defendants further deny the remaining allegations contained in paragraph 44 of the Complaint.

45.     The '537 Patent referenced in paragraph 45 of the Complaint speaks for itself, and to the extent the allegations in this paragraph vary therewith, Defendants

deny those allegations. Defendants further deny the remaining allegations contained in paragraph 45 of the Complaint.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 46 of the Complaint, and therefore Defendants deny these allegations.

47.     Denied.

## PRAYER FOR RELIEF

Defendants deny that Viking is entitled to any of the relief that it seeks in the Prayer for Relief and further deny that Plaintiff is entitled to any relief whatsoever against Defendants. Defendants ask the Court to deny any and all of the relief requested by Viking in its Complaint. Further, and to the extent that the Complaint's Prayer for Relief includes any factual allegations, Defendants deny those allegations.

## JURY DEMAND

Defendants admit that the Complaint sets forth a demand for trial by jury. Defendants likewise demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Pursuant to the Federal Rules of Civil Procedure, Defendants assert at this time the following Affirmative Defenses to the allegations set forth in Viking's Complaint based upon Defendants' present knowledge, information, and belief, and without waiving any other affirmative defense that may arise or come to Defendants'

attention in the future. Defendants' designation of their defenses as "affirmative" is not intended in any way to alter the burden of proof with regard to any element of Viking's claims. Defendants repeat, reallege, and incorporate by reference their responses and denials set forth in each of the foregoing paragraphs of Defendants' Answer to Plaintiff's First Amended Complaint as if fully set forth herein.

Defendants' investigation is ongoing. Defendants reserve all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may exist now or in the future be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Asserted Patents are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

Defendants have not and do not infringe any of the claims of the Asserted Patents, either literally or under the doctrine of equivalents, directly or indirectly, by inducement or contributory infringement.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped, by virtue of the cancellations, amendments, representations, and concessions made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the Asserted Patents, from construing any claim of the patents-in-suit to have been infringed by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims are barred, in whole or in part, by the doctrines of patent exhaustion and/or implied license

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff expressly or implicitly construes the claims such that they read on the prior art.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff or Plaintiff's licensees have failed to properly mark any of its or their relevant products as required by 35 U.S.C. § 287 or otherwise failed to give proper notice that Defendants' actions allegedly infringe the Asserted Patents, Defendants are not liable to Plaintiff for the acts alleged to have been performed before Defendants received actual notice that they were allegedly infringing the Asserted Patents.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief against Defendants because any alleged injury to Plaintiff as a result of Defendants' alleged conduct is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages for alleged infringement more than six years before the filing of the Complaint, Plaintiff's claims are barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

## NINTH AFFIRMATIVE DEFENSE

Defendants' actions do not give rise to an exceptional case finding, at least because Defendants have engaged in all relevant activities in good faith, thereby precluding Plaintiff from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285 or any other applicable law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, implied license, waiver, acquiescence, prosecution history estoppel, disclaimer, and/or other equitable doctrines.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under 35 U.S.C. § 271(g) on account of the noncommercial use or retail sale of the allegedly infringing product are barred because Plaintiff has an adequate remedy for any alleged infringement on account of the importation or other use, offer to sell, or sale of that product.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because to the extent any allegedly infringing activities occurred—which Defendants deny—such alleged activities occurred, in whole or in part, outside of the United States and fall outside of the scope of activities under 35 U.S.C. § 271(a).

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## OTHER DEFENSES RESERVED

Defendants reserve all defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case. Defendants reserve the right to amend their Answer and Affirmative Defenses as of right or to otherwise seek leave to amend their Answer and Affirmative Defenses to supplement existing defenses and/or to plead additional defenses that may now exist or in the future may become available based on information

developed through further factual investigation, discovery, trial, other proceedings, or circumstances that otherwise merit such additional defenses and/or supplementation.

## **COUNTERCLAIMS**

Defendants/Counterclaimants Encore Repair Services, LLC and Encore Repair Holdings, LLC (collectively, "Encore" or "Defendants"), as their Counterclaims against Plaintiff/Counterclaim Defendant Viking Technologies, LLC ("Viking"), allege as follows based on Encore's knowledge as to its own activities, and upon information and belief as to the activities of others:

### **Nature of Action, Relief Sought, Jurisdiction, and Venue**

1.      This is an action to declare every claim of U.S. Patent Nos. 8,888,953 (the "'953 Patent") and 10,220,537 (the "'537 Patent") not infringed by Encore. This is also an action to declare each and every claim of the '953 Patent and the '537 Patent invalid.

2.      By filing its First Amended Complaint for Patent Infringement (D.I. 14, the "Complaint"), Viking purported to assert a claim against Encore for infringement of the '953 Patent and the '537 Patent. Encore has not and does not infringe, either literally or under the doctrine of equivalents, directly or indirectly, by inducement or contributory infringement, any valid claim of the '953 Patent and the '537 Patent. Consequently, an actual controversy within the jurisdiction of this Court under 28

U.S.C. §§ 2201 and 2202 exists between the parties with respect to the infringement and validity of the asserted claims of the '953 Patent and the '537 Patent.

3.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

4.     This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, at least to the extent that the Court has subject matter jurisdiction over the Complaint.

5.     To the extent this Court determines venue is appropriate for Viking's claims in the above-captioned litigation, venue for these counterclaims is also appropriate pursuant to 28 U.S.C. § 1391.

6.     Viking has voluntarily consented to the personal jurisdiction of this Court by commencing the above-captioned litigation in this judicial district, as set forth in its Complaint.

## Parties

7.     In its Complaint, Viking alleges that it is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business at 103 South Valley Common, Madison, Mississippi 39110.

8.     Encore Repair Services, LLC is a Delaware limited-liability company with a principal place of business at 105 Prairie Lake Road, Suite D, East Dundee, Illinois 60118.

9.     Encore Repair Holdings, LLC is a Delaware limited-liability company with a principal place of business at 105 Prairie Lake Road, Suite D, East Dundee, Illinois 60118.

## First Counterclaim
**(Declaratory Judgment of Non-Infringement of the '953 Patent)**

10.     Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-9 above as though fully set forth herein.

11.     Encore has not infringed, directly or indirectly, any valid claim of the '953 Patent. Encore is not liable for any infringement, literally or under the doctrine of equivalents, of the '953 Patent. Specifically, Encore has not practiced the claims in the '953 Patent, or made, used, sold, imported, or distributed any product or process employing such claims. Nor has Encore induced or contributed to any direct infringement of such claims.

12.     Encore is entitled to a judgment finding that the '953 Patent is not infringed by Encore, either literally or under the doctrine of equivalents, directly or indirectly, and that Encore has not contributed to or induced any infringement by another.

## Second Counterclaim
**(Declaratory Judgment of Non-Infringement of the '537 Patent)**

13.     Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above as though fully set forth herein.

14.     Encore has not infringed, directly or indirectly, any valid claim of the '537 Patent. Encore is not liable for any infringement, literally or under the doctrine of equivalents, of the '537 Patent. Specifically, Encore has not practiced the claims in the '537 Patent, or made, used, sold, imported, or distributed any product or process employing such claims. Nor has Encore induced or contributed to any direct infringement of such claims.

15.     Encore is entitled to a judgment finding that the '537 Patent is not infringed by Encore, either literally or under the doctrine of equivalents, directly or indirectly, and that Encore has not contributed to or induced any infringement by another.

### Third Counterclaim
### (Declaratory Judgment of Invalidity of the '953 Patent)

16.     Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-15 above as though fully set forth herein.

17.     The asserted claims of the '953 Patent are invalid for a failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

18.     First, the claims of the '953 Patent are directed to an abstract idea without an inventive concept, which, as a matter of law, is ineligible as patentable subject matter under 35 U.S.C. § 101.

19.     Second, the claims of the '953 Patent are invalid as anticipated or obvious under 35 U.S.C. §§ 102-103. By non-limiting example, the claims are obvious in view of at least the combination of U.S. Patent No. 8,419,896 ("Semi-Automated Reworkability Process for De-Bonding a Display"), U.S. Patent App. No. 2010/0199818 ("Cutting Apparatus"), U.S. Patent No. 8,118,075 ("System and Method for Disassembling Laminated Substrates"), U.S. Patent No. 8,141,611 ("Separation Apparatus and Separation Method"); U.S. Patent No. 8,152,947 ("Method for Producing Display Device"); and U.S. Patent No. 8,349,129 ("Method and Apparatus for Debonding a Submounted Substrate").

20.     Third, claims of the '953 Patent are invalid under 35 U.S.C. § 112 for failing to satisfy the written description and enablement requirements and/or for being indefinite.

21.     Because Encore denies that the '953 Patent is valid, a declaration of rights between the parties is both appropriate and necessary. Encore requests a declaration that the '953 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fourth Counterclaim**
**(Declaratory Judgment of Invalidity of the '537 Patent)**

22.     Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-21 above as though fully set forth herein.

23.     The asserted claims of the '537 Patent are invalid for a failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.     First, the claims of the '537 Patent are directed to an abstract idea without an inventive concept, which, as a matter of law, is ineligible as patentable subject matter under 35 U.S.C. § 101.

25.     Second, the claims of the '537 Patent are invalid as anticipated or obvious under 35 U.S.C. §§ 102–103. By non-limiting example, the claims are obvious in view of at least the combination of  U.S. Patent No. 8,419,896 ("Semi-Automated Reworkability Process for De-Bonding a Display"), U.S. Patent App. No. 2010/0199818 ("Cutting Apparatus"), U.S. Patent No. 8,118,075 ("System and Method for Disassembling Laminated Substrates"), U.S. Patent No. 8,141,611 ("Separation Apparatus and Separation Method"); U.S. Patent No. 8,152,947 ("Method for Producing Display Device"); and U.S. Patent No. 8,349,129 ("Method and Apparatus for Debonding a Submounted Substrate").

26.     Third, claims of the '537 Patent are invalid under 35 U.S.C. § 112 for failing to satisfy the written description and enablement requirements and/or for being indefinite.

27.     Because Encore denies that the '537 Patent is valid, a declaration of rights between the parties is both appropriate and necessary. Encore requests a

declaration that the '537 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and District of Delaware Local Rule 38.1, Defendants respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Defendants respectfully pray for the following relief:

A.　That Plaintiff takes nothing by its claims;

B.　That Plaintiff's claims be dismissed with prejudice;

C.　That the Court enter judgment against Plaintiff and in favor of Defendants in all respects, including with respect to non-infringement and invalidity of all Asserted Patents;

D.　That the Court declare that Defendants have not, do not, and will not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contributory infringement, any valid and enforceable claim of the Asserted Patents;

E.　That the Court declare that the claims of the Asserted Patents are invalid and/or unenforceable;

F.     That the Court determine that this is an exceptional case under 35 U.S.C. § 285 and award attorneys' fees, costs, and expenses to Defendants in this action under 35 U.S.C. § 285 and/or all other applicable statutes and rules in common law as may apply, with pre- and post-judgment interest thereon; and

G.     For such other and further relief as the Court deems just and equitable.

OF COUNSEL:

Christian G. Stahl
Michael W. Carwin
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000
christian.stahl@quarles.com
michael.carwin@quarles.com

DATED: February 22, 2021

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendants/Counterclaim Plaintiffs Encore Repair Services, LLC and Encore Repair Holdings, LLC*

27751214

**CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, hereby certify that on February 22, 2021, I caused to be

electronically filed a true and correct copy of the foregoing document with the

Clerk of the Court using CM/ECF, which will send notification that such filing is

available for viewing and downloading to the following counsel of record:

> Stephen B. Brauerman, Esquire
> Ronald P. Golden III, Esquire
> Bayard, P.A.
> 600 N. King Street, Suite 400
> Wilmington, DE 19801
> *sbrauerman@bayardlaw.com*
> *rgolden@bayardlaw.com*
>
> *Attorneys for Plaintiff*

I further certify that on February 22, 2021, I caused a copy of the foregoing

document to be served by e-mail on the above-listed counsel, and on the following:

> Mark Raskin, Esquire
> Robert Whitman, Esquire
> Michael DeVincenzo, Esquire
> Andrea Pacelli, Esquire
> Charles Wizenfeld, Esquire
> Eric Berger, Esquire
> John Petrsoric, Esquire
> Elizabeth Long, Esquire
> King & Wood Mallesons LLP
> 500 5th Avenue, 50th Floor
> New York, NY 10110
> *mark.raskin@us.kwm.com*
> *robert.whitman@us.kwm.com*
> *michael.devincenzo@us.kwm.cm*
> *andrea.pacelli@us.kwm.com*

*charles.wizenfeld@us.kwm.com*
*eric.berger@uskwm.com*
*john.petrsoric@us.kwm.com*
*elizabeth.long@us.kwm.com*

*Attorneys for Plaintiff*

Dated:   February 22, 2021

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
*agaza@ycst.com*
*rvrana@ycst.com*

*Attorneys for Defendants*
*Encore Repair Services, LLC and*
*Encore Repair Holdings, LLC.*