# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIKING TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ENCORE REPAIR SERVICES, LLC, and<br>ENCORE REPAIR HOLDINGS, LLC,<br><br>        Defendants. | C.A. No. 20-1510-CFC<br><br>**JURY TRIAL DEMANDED** |

## VIKING TECHNOLOGIES, LLC's ANSWER TO DEFENDANTS ENCORE REPAIR SERVICES, LLC AND ENCORE REPAIR HOLDINGS, LLC'S COUNTERCLAIMS

Plaintiff/Counterclaim-Defendant Viking Technologies, LLC ("Viking"), by and through its undersigned counsel, hereby responds to the counterclaims in Defendants' Answer and Counterclaims to Plaintiff's First Amended Complaint (D.I. 15) ("Counterclaims") as follows:

### Nature of Action, Relief Sought, Jurisdiction, and Venue

1. This is an action to declare every claim of U.S. Patent Nos. 8,888,953 (the "'953 Patent") and 10,220,537 (the "'537 Patent") not infringed by Encore. This is also an action to declare each and every claim of the '953 Patent and the '537 Patent invalid.

**ANSWER:** Viking admits that Encore seeks a declaration of invalidity and non-infringement with respect to the '953 Patent and the '537 Patent. Viking denies any remaining allegations in Paragraph 1 of the Counterclaims.

2. By filing its First Amended Complaint for Patent Infringement (D.I. 14, the "Complaint"), Viking purported to assert a claim against Encore for infringement of the '953 Patent and the '537 Patent. Encore has not and does not infringe, either literally or under the doctrine of equivalents, directly or indirectly, by inducement or contributory infringement, any valid claim of the '953 Patent and the '537 Patent. Consequently, an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 exists between the parties with respect to the infringement and validity of the asserted claims of the '953 Patent and the '537 Patent.

**ANSWER:** Viking admits that an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 exists between the parties with respect to the infringement and validity of the '953 Patent and the '537 Patent. Viking denies any remaining allegations in Paragraph 2 of the Counterclaims.

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

**ANSWER:** Viking admits the allegations in Paragraph 3 of the Counterclaims.

4. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, at least to the extent that the Court has subject matter jurisdiction over the Complaint.

**ANSWER:** Viking admits the allegations in Paragraph 4 of the Counterclaims.

5. To the extent this Court determines venue is appropriate for Viking's claims in the above-captioned litigation, venue for these counterclaims is also appropriate pursuant to 28 U.S.C. § 1391.

**ANSWER:** Viking admits that, for purposes of this action only, venue is proper in this Court. Viking denies any remaining allegations of Paragraph 5 of the Counterclaims.

6. Viking has voluntarily consented to the personal jurisdiction of this Court by commencing the above-captioned litigation in this judicial district, as set forth in its Complaint.

**ANSWER:** Viking admits that, for purposes of this action only, this Court has personal jurisdiction over Viking. Viking denies any remaining allegations in Paragraph 6 of the Counterclaims.

**Parties**

7. In its Complaint, Viking alleges that it is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business at 103 South Valley Common, Madison, Mississippi 39110.

**ANSWER:** Viking admits the allegations of Paragraph 7 of the Counterclaims.

8. Encore Repair Services, LLC is a Delaware limited-liability company with a principal place of business at 105 Prairie Lake Road, Suite D, East Dundee, Illinois 60118.

**ANSWER:** Viking admits the allegations of Paragraph 8 of the Counterclaims.

9. Encore Repair Holdings, LLC is a Delaware limited-liability company with a principal place of business at 105 Prairie Lake Road, Suite D, East Dundee, Illinois 60118.

**ANSWER:** Viking admits the allegations of Paragraph 9 of the Counterclaims.

## First Counterclaim
### (Declaratory Judgment of Non-Infringement of the '953 Patent)

10. Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-9 above as though fully set forth herein.

**ANSWER:** Viking repeats its responses to the allegations of Paragraphs 1-9 of the Counterclaims as if set forth fully herein in response to Paragraph 10 of the Counterclaims.

11. Encore has not infringed, directly or indirectly, any valid claim of the '953 Patent. Encore is not liable for any infringement, literally or under the doctrine of equivalents, of the '953 Patent. Specifically, Encore has not practiced the claims in the '953 Patent, or made, used, sold, imported, or distributed any product or process employing such claims. Nor has Encore induced or contributed to any direct infringement of such claims.

**ANSWER:** Viking denies the allegations in Paragraph 11 of the Counterclaims.

12. Encore is entitled to a judgment finding that the '953 Patent is not infringed by Encore, either literally or under the doctrine of equivalents, directly or indirectly, and that Encore has not contributed to or induced any infringement by another.

**ANSWER:** Viking denies the allegations in Paragraph 12 of the Counterclaims.

## Second Counterclaim
### (Declaratory Judgment of Non-Infringement of the '537 Patent)

13. Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above as though fully set forth herein.

**ANSWER:** Viking repeats its responses to the allegations of Paragraphs 1-12 of the Counterclaims as if set forth fully herein in response to Paragraph 13 of the Counterclaims

14. Encore has not infringed, directly or indirectly, any valid claim of the '537 Patent. Encore is not liable for any infringement, literally or under the doctrine of equivalents, of the '537 Patent. Specifically, Encore has not practiced the claims in the '537 Patent, or made, used, sold, imported, or distributed any product or process employing such claims. Nor has Encore induced or contributed to any direct infringement of such claims.

**ANSWER:** Viking denies the allegations in Paragraph 14 of the Counterclaims.

15. Encore is entitled to a judgment finding that the '537 Patent is not infringed by Encore, either literally or under the doctrine of equivalents, directly or indirectly, and that Encore has not contributed to or induced any infringement by another.

**ANSWER:** Viking denies the allegations in Paragraph 15 of the Counterclaims.

**Third Counterclaim**
**(Declaratory Judgment of Invalidity of the '953 Patent)**

16. Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-15 above as though fully set forth herein.

**ANSWER:** Viking repeats its responses to the allegations of Paragraphs 1–15 of the Counterclaims as if set forth fully herein in response to Paragraph 16 of the Counterclaims.

17. The asserted claims of the '953 Patent are invalid for a failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Viking denies the allegations in Paragraph 17 of the Counterclaims.

18. First, the claims of the '953 Patent are directed to an abstract idea without an inventive concept, which, as a matter of law, is ineligible as patentable subject matter under 35 U.S.C. § 101.

**ANSWER:** Viking denies the allegations in Paragraph 18 of the Counterclaims.

19. Second, the claims of the '953 Patent are invalid as anticipated or obvious under 35 U.S.C. §§ 102-103. By non-limiting example, the claims are obvious in view of at least the combination of U.S. Patent No. 8,419,896 ("SemiAutomated Reworkability Process for De-Bonding a Display"), U.S. Patent App. No. 2010/0199818 ("Cutting Apparatus"), U.S. Patent No. 8,118,075 ("System and Method for Disassembling Laminated Substrates"), U.S. Patent No. 8,141,611 ("Separation Apparatus and Separation Method"); U.S. Patent No. 8,152,947 ("Method for Producing Display Device"); and U.S. Patent No. 8,349,129 ("Method and Apparatus for Debonding a Submounted Substrate").

4

**ANSWER:** Viking denies the allegations in Paragraph 19 of the Counterclaims.

20. Third, claims of the '953 Patent are invalid under 35 U.S.C. § 112 for failing to satisfy the written description and enablement requirements and/or for being indefinite.

**ANSWER:** Viking denies the allegations in Paragraph 20 of the Counterclaims.

21. Because Encore denies that the '953 Patent is valid, a declaration of rights between the parties is both appropriate and necessary. Encore requests a declaration that the '953 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Viking admits that an actual controversy exists between the parties with respect to the validity of the '953 Patent. Viking also admits that Encore is requesting a declaration that the '953 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Viking denies any remaining allegations in Paragraph 21 of the Counterclaims.

**Fourth Counterclaim**
**(Declaratory Judgment of Invalidity of the '537 Patent)**

22. Encore repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1-21 above as though fully set forth herein.

**ANSWER:** Viking repeats its responses to the allegations of Paragraphs 1-21 of the Counterclaims as if set forth fully herein in response to Paragraph 22 of the Counterclaims.

23. The asserted claims of the '537 Patent are invalid for a failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Viking denies the allegations in Paragraph 23 of the Counterclaims.

24. First, the claims of the '537 Patent are directed to an abstract idea without an inventive concept, which, as a matter of law, is ineligible as patentable subject matter under 35 U.S.C. § 101.

**ANSWER:** Viking denies the allegations in Paragraph 24 of the Counterclaims.

25. Second, the claims of the '537 Patent are invalid as anticipated or obvious under 35 U.S.C. §§ 102-103. By non-limiting example, the claims are obvious in view of at least the

combination of U.S. Patent No. 8,419,896 ("SemiAutomated Reworkability Process for De-Bonding a Display"), U.S. Patent App. No. 2010/0199818 ("Cutting Apparatus"), U.S. Patent No. 8,118,075 ("System and Method for Disassembling Laminated Substrates"), U.S. Patent No. 8,141,611 ("Separation Apparatus and Separation Method"); U.S. Patent No. 8,152,947 ("Method for Producing Display Device"); and U.S. Patent No. 8,349,129 ("Method and Apparatus for Debonding a Submounted Substrate").

**ANSWER:** Viking denies the allegations in Paragraph 25 of the Counterclaims.

26. Third, claims of the '537 Patent are invalid under 35 U.S.C. § 112 for failing to satisfy the written description and enablement requirements and/or for being indefinite.

**ANSWER:** Viking denies the allegations in Paragraph 26 of the Counterclaims.

27. Because Encore denies that the '537 Patent is valid, a declaration of rights between the parties is both appropriate and necessary. Encore requests a declaration that the '537 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Viking admits that an actual controversy exists between the parties with respect to the validity of the '537 Patent. Viking also admits that Encore is requesting a declaration that the '537 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Viking denies any remaining allegations in Paragraph 27 of the Counterclaims.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and District of Delaware Local Rule 38.1, Defendants respectfully demand a trial by jury on all issues so triable.

**ANSWER:** Defendants' demand for a jury trial is a legal statement that Viking can neither admit nor deny.

## PRAYER FOR RELIEF

WHEREFORE, Viking respectfully requests that this Court enter:

A. An order finding in favor of Viking and against Defendants denying all relief sought by Defendants in connection with their Counterclaims and dismissing Defendants' Counterclaims in their entirety, with prejudice;

B. An order finding in favor of Viking and against Defendants denying all relief sought by Defendants in connection with their Counterclaims and dismissing Defendants' Counterclaims in their entirety, with prejudice;

C. A judgment in favor of Viking that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '953 and '537 Patents, and a judgment in favor of Viking that the '953 and '537 Patents are not invalid;

D. A judgment in favor of Viking that Defendants have infringed, either literally and/or under the doctrine of equivalents, directly or indirectly, by inducement or contributory infringement, the valid claims of the '953 and '537 Patents;

E. That the Court declare the '953 and '537 Patents are not invalid;

F. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Viking its reasonable attorneys' fees against Defendants; and

G. Any and all other relief Viking is entitled to, as the Court may deem just and proper.

| | |
|---|---|
| Dated: March 15, 2021 | BAYARD, P.A. |
| | |
| OF COUNSEL: | */s/ Ronald P. Golden III* |
| | Stephen B. Brauerman (#4952) |
| Mark S. Raskin | Ronald P. Golden III (#6254) |
| John F. Petrsoric | 600 N. King Street, Suite 400 |
| Michael S. DeVincenzo | Wilmington, DE 19801 |
| Elizabeth Long | (302) 655-5000 |
| KING & WOOD MALLESONS LLP | sbrauerman@bayardlaw.com |
| 50z0 5th Avenue, 50th Floor | rgolden@bayardlaw.com |
| New York, New York 10110 | |
| (212) 319-4755 | *Attorneys for Plaintiff* |
| mark.raskin@us.kwm.com | *Viking Technologies, LLC* |
| john.petrsoric@us.kwm.com | |
| michael.devincenzo@us.kwm.com | |
| elizabeth.long@us.kwm.com | |